Filed 1/31/14  P. v. Vaca CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E057074 |
| v. | (Super.Ct.No. BLF1200040) |
| MARCOS CESAR VACA, | **ORDER MODIFYING OPINION** |
| Respondent; | |
| | [NO CHANGE IN JUDGMENT] |

In our unpublished opinion in the above-entitled matter, filed on January 14, 2014, a clerical error was made.  The opinion is modified as follows:

1.  On page one, paragraph two, the name Leslie Ann Rose is added as follows, "Rene Paradis and Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant."

1

Except for this modification, the opinion remains unchanged.  The modification does not affect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

Filed 1/14/14  P. v. Vaca CA4/2 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057074 |
| v. | (Super.Ct.No. BLF1200040) |
| MARCOS CESAR VACA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Eric G. Helgesen, Judge. (Retired Judge of the former Tulare Mun. Ct. assigned by the Chief Justice pursuant to art. VI, section 6 of the Cal. Const.)  Affirmed with directions.

Renee Paradis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Teresa Torreblanca and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Marcos Cesar Vaca was convicted by a jury of corporal injury to a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)),[1] assault by force likely to cause great bodily injury (§ 245, subd. (a)), false imprisonment (§ 236), and felony evasion of an officer (Veh. Code, § 2800.2). In this appeal he argues that the evidence was insufficient to support the conviction under section 273.5 with respect to the "cohabitant" element.

As a cross-appeal, the People point out that the abstract of judgment fails to list the conviction under section 273.5. We agree with the People in all respects, and will affirm the judgment.

STATEMENT OF FACTS

Due to the nature of defendant's challenge, we focus on the evidence concerning the relationship between defendant and the victim, Denise Salcido. At the time of the incident, the victim had known defendant for 10 days. Although defendant lived "down the street," he spent the nights at the victim's residence, and prior to the incident she expected that the relationship would continue. She described defendant as "kind" and "loving," and testified that the day before the incident he had driven her to a hospital emergency room when she developed high blood pressure symptoms. On the day of the incident, defendant had accompanied the victim in order to pick up her son from the "rec

---

[1] All subsequent statutory references are to the Penal Code unless otherwise specified.

center."  Describing their day, the victim testified that "we spend time all of the time together."

Unfortunately, this idyll did not last.  While the pair were at a party where the victim was drinking, defendant wanted her to leave so they could pick up her young son. When the victim declined, defendant dragged her by the hair to her vehicle and forced her inside.  After the victim made two unsuccessful attempts to escape, defendant threw her on the ground and punched her in the face, knocking her unconscious.

As noted above, defendant argues that this evidence is insufficient to show that he and the victim were cohabitating within the meaning of section 273.5.  As again noted, we disagree.

## DISCUSSION

The statute applies to injury upon a "spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child."(§ 273.5, subd. (a).)  When the defendant's challenge is to the sufficiency of the evidence, we apply a deferential standard, reviewing the evidence in the light most favorable to the respondent, and we presume the existence of every fact the trier could reasonably deduce from the evidence. (*People v. Lewis* (1990) 50 Cal.3d 262, 277.)  While the evidence in favor of the verdict must be substantial, reversal is unwarranted unless no rational trier of fact could have found the significant allegations to be true.  (*People v. Huynh* (2012) 212 Cal.App.4th 285, 304.)

Cases have tended to construe the cohabitation element broadly, and there is no requirement that the parties' relationship be in any way even quasi-marital. (*People v. Moore* (1996) 44 Cal.App.4th 1323, 1333 (*Moore*).) There must be a substantial "living together" relationship, usually marked by sexual intimacy and some quantum of "permanence." (See *People v. Holifield* (1988) 205 Cal.App.3d 993, 999-1000 (*Holifield*).) Duplicate residences do not preclude a finding of cohabitation. (*People v. Taylor* (2004) 118 Cal.App.4th 11, 19.)

"Permanence," however, is a flexible term, and there is certainly no "bright-line" length of time before which the parties will not be deemed to have been cohabiting. Obviously a defendant's challenge that argued that the parties had only been cohabiting while *married* for a period of days would fail, and there is no reason to give less protection to the unmarried cohabitant if the conditions of the term are met.

Defendant argues that the cases finding "cohabitation" involve greater periods of commitment than that reflected in this case, but, as noted above, there is no rule specifying how long a relationship must have endured before the parties will be deemed "cohabitants" for the purposes of section 273.5. Though the parties in this case had been "dating" for only 10 days, as described by the victim, the relationship was a substantial one. She testified that since the commencement of the relationship, defendant spent every night at her house and that they also spent days together. He accompanied her to the hospital and also to pick up her son from care. He was "kind" and "loving," and she expected the relationship to continue. Thus, although it was brief, the relationship was in

4

fact more intimate and exclusive than that described in some of the cases that defendant cites.

Thus, in *Holifield,* defendant and the victim had been "seeing each other off and on for four years." (*Holifield, supra*, 205 Cal.App.3d at p. 995.) However, during the three months prior to the assault, defendant lived with the victim in her rented room for one month, then rented rooms elsewhere for a week or so, returned to the victim at least overnight, then stayed elsewhere for two weeks before returning for the last two weeks prior to the assault. When the defendant left the victim's room, he normally took his belongings. In fact, defendant testified that he stored much of his clothing elsewhere. (*Id*. at p. 996.) In *Moore, supra,* 44 Cal.App.4th at pages 1327-1328, also cited by defendant, the parties also had a long-standing (if volatile) relationship, but by the time of the assaults in question, the evidence was conflicting as to whether defendant was living with the victim. The defense evidence suggested that he had moved out and was even living with other girlfriends, although it was conceded that he continued to receive mail at the victim's address and they continued to have a sporadic sexual relationship. The issue was whether a person can simultaneously cohabit with more than one person—or whether a person who spends some, but not all, nights with the victim can be convicted under section 273.5. (*Moore, supra,* 44 Cal.App.4th at p. 1335.) The court accepted arguendo that the defendant was far from committed on a full-time basis to the victim, yet found the finding of cohabitation proper. Finally, in *People v. Belton* (2008) 168 Cal.App.4th 432 (*Belton*), defendant and the victim were essentially transient during the

5

two months of their relationship and the record was unclear as to how much time they actually spent living together as a unit. (*Id*. at p. 438.) Nevertheless, and despite the defendant's claims of emotional indifference to the victim, the court found sufficient evidence to establish sufficient "permanency" to permit a conviction under section 273.5.

None of these cases controls here or compels the conclusion that a 10-day relationship cannot be the foundation for cohabitation. Indeed, as we suggested above, all three of the above cases involved substantial elements of impermanence and lack of commitment. Here, by contrast, there was evidence that the parties' relationship, although recent in its commencement, had the elements not only of sexual attachment but emotional support and reliance which can support a finding of cohabitation. (Though the latter is not essential to it.)[2] Defendant correctly argues that there was no evidence of shared expenses or support (cf. *Belton*, *supra*, 168 Cal.App.4th at p. 435), but this is not essential. (See *Holifield, supra*, 205 Cal.App.3d at p. 996.)[3] Certainly, due to the nascent nature of the relationship, the parties had not yet had the opportunity to establish some of the typical elements of a cohabiting relationship, and, equally certainly, it is possible that they might never have done so. However, there was substantial evidence

---

[2] We note that in *Holifield*, there was attachment, but only running from the victim to the defendant.

[3] The construction here suggested by defendant would make it impossible for two persons, each of independent means and mindsets, to be "cohabitants" if they chose to keep their finances separate. Defendant also points to the fact that the victim ignored defendant's health suggestions with respect to her drinking and high blood pressure. Surely such disregard is not unique to non-cohabitant relationships.

from which the jury could reasonably conclude that the relationship reflected the parties'

mutual (if short-lived) determination to set a joint course under one roof.

Finally, the People correctly note that the abstract erroneously denominates the

conviction under count 1 of the information as being under section 236, false

imprisonment, instead of section 273.5.[4]  We therefore direct the trial court to issue an

amended abstract correcting the error.

DISPOSITION

The judgment is affirmed and the trial court is directed to issue an amended

abstract of judgment as indicated above.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST _____

J.

We concur:


RAMIREZ _____

P. J.


McKINSTER _____

J.

---

[4]  The abstract correctly reflects that the conviction under count 3 involved this offense.

7